COURT OF APPEALS OF VIRGINIA


Present:   Judge Elder, Senior Judge Annunziata and Retired Judge Hodges*


DELORES WILLIAMS-BROOKS

                                                        MEMORANDUM OPINION**
v.       Record No. 2359-08-2                                PER CURIAM
                                                          JANUARY 27, 2009
VIRGINIA DEPARTMENT OF SOCIAL SERVICES


              FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                         Walter W. Stout, III, Judge

          (Jason T. Jacoby; Hirschler Fleischer, P.C., on brief), for appellant.

          (Robert F. McDonnell, Attorney General; David E. Johnson, Deputy
          Attorney General; Kim F. Piner, Senior Assistant Attorney General;
          Allen T. Wilson, Senior Assistant Attorney General, on brief), for
          appellee.


       Delores Williams-Brooks (appellant) appeals the circuit court's order affirming a Level 3

founded disposition of physical neglect (inadequate supervision).  Appellant contends that (1) the

circuit court erred by finding that there was sufficient evidence to establish a violation of Code

§ 63.1-248.22, and (2) the burden erroneously shifted to appellant to prove the absence of any threat

of harm, real or imagined.  Upon reviewing the record and briefs of the parties, we summarily

affirm the decision of the trial court.  Rule 5A:27.

                                          BACKGROUND

       Appellant operated a licensed daycare center.  She watched O.H., who was five years old at

the time of the incident.  On September 29, 2006, appellant picked up O.H. from the bus stop.  At

--------

       * Retired Judge Hodges took part in the consideration of this case by designation pursuant
to Code § 17.1-400(D).

       ** Pursuant to Code § 17.1-413, this opinion is not designated for publication.

approximately 3:30 p.m., appellant took O.H. home. There were two other children in the car, and they distracted appellant when O.H. exited the vehicle. When appellant turned to watch O.H. enter his house, she saw the door swing shut. Appellant assumed that O.H.'s grandmother met O.H. at the door because she is usually home to meet O.H. O.H.'s grandmother usually gives appellant a visual cue to let her know that O.H. is in the house, or appellant calls the grandmother. However, the grandmother's phone was disconnected, and, unbeknownst to appellant, O.H.'s grandmother was not home on this particular afternoon. After appellant left, a neighbor found O.H. crying in the parking lot and called the police. Meanwhile, appellant returned the other children to their homes. When appellant returned to her house, she found the police and O.H. there. O.H. had been left alone for at least thirty minutes.

On October 2, 2006, child protective services (CPS) received a complaint that appellant had not properly supervised O.H. CPS investigated and, on February 20, 2007, determined that the complaint was founded. On June 24, 2007, appellant met with CPS for an informal conference, and the disposition of "Founded – Physical Neglect (Inadequate Supervision) – Level Three" was sustained.[1] Appellant appealed, and, on October 3, 2007, a hearing officer heard evidence and testimony. On November 30, 2007, the hearing officer sustained the disposition.

Appellant appealed to the Circuit Court of the City of Richmond. She argued that the evidence was insufficient and that there was no real or specific threat to the child. She argued that the disposition was founded based on "conjecture and speculation," which forced her to prove the absence of any threat or harm. The circuit court disagreed. On August 12, 2008, the circuit court entered an order affirming the Level 3 founded charge of physical neglect (inadequate supervision). Appellant timely noted her appeal.

---

[1] A Level 3 finding "includes those injuries/conditions, real or threatened, that result in minimal harm to a child." 22 VAC 40-700-20(3).

ANALYSIS

Sufficiency of the Evidence

Appellant argues that the circuit court erred in holding that the Level 3 finding was

supported by substantial evidence.

"'The reviewing court may reject the agency's findings of fact only if, considering the

record as a whole, a reasonable mind would necessarily come to a different conclusion.'" Carter

v. Gordon, 28 Va. App. 133, 141, 502 S.E.2d 697, 701 (1998) (quoting Johnston-Willis, Ltd. v.

Kenley, 6 Va. App. 231, 242, 369 S.E.2d 1, 7 (1988)); see also Turner v. Jackson, 14 Va. App.

423, 429-30, 417 S.E.2d 881, 887 (1992).

> Physical neglect occurs when there is the failure to provide food,
> clothing, shelter, or supervision for a child to the extent that the
> child's health or safety is endangered. This also includes
> abandonment and situations where the parent or caretaker's own
> incapacitating behavior or absence prevents or severely limits the
> performing of child caring tasks pursuant to Code § 63.2-100 of
> the Code of Virginia.

22 VAC 40-705-30(B).

Inadequate supervision is a category of physical neglect, and it is defined as follows:

> The child has been left in the care of an inadequate caretaker or in
> a situation requiring judgment or actions greater than the child's
> level of maturity, physical condition, and/or mental abilities would
> reasonably dictate. Inadequate supervision includes minimal care
> or supervision by the caretaker resulting in placing the child in
> jeopardy of sexual or other exploitation, physical injury, or results
> in status offenses, criminal acts by the child, or alcoholism or drug
> abuse.

Virginia Department of Social Services, Child Protective Services, Volume VII, Section III,

Chapter A, Part II(C)(2.2), July 2008.

Here, appellant left O.H. alone for at least thirty minutes. Appellant admitted that she

should have insured that O.H. safely went inside the house and that his grandmother was waiting

for him; however, she was distracted by the other children in the car and did not do so.

Witnesses testified that the child was not left in a dangerous area, but a busy street was nearby. The CPS worker testified that leaving a five-year-old child alone could have resulted in harm to the child, especially since he was young and crying in the parking lot. The hearing officer ruled that there was a real threat of harm to the child and that the child was lucky that the neighbor who helped the child was not one who would harm him.

The circuit court did not err in concluding that there was sufficient evidence to support the disposition.

Burden to prove the absence of threat or harm

Appellant also argues that the founded disposition was based on conjecture and speculation because there was no evidence of any real threat or harm to O.H. and that the burden shifted to appellant to show the absence of any threat or harm.

"Physical neglect may include multiple occurrences or a one-time critical or severe event that results in a threat to health or safety." 22 VAC 40-705-30(B)(1).

Appellant argues that there was only the one incident with O.H. Furthermore, appellant contends that it was not a "critical or severe" event and O.H.'s health and safety were not threatened. Appellant states that the Department's claim that O.H. could have been hurt puts the burden on appellant to prove that there was no possibility of harm.

The burden is on the Department to show that there was a threat to the child's health or safety. The hearing officer concluded that the Department met its burden because a young child was left alone for at least thirty minutes. The hearing officer concluded that the possibility of harm was real, and the circuit court agreed. The burden did not shift to appellant, as she argues.

CONCLUSION

The record supports the trial court's findings to affirm the CPS disposition. Accordingly, we affirm the judgment of the trial court.

<u>Affirmed.</u>